THE CAPTAIN JOHN.[1]

VENABLE et al. v. THE CAPTAIN JOHN.

(*District Court, S. D. New York.* February 1, 1888.)

SHIPPING—REFUSAL OF CONSIGNEE TO ACCEPT—DUTY OF MASTER—LOCUS PENITENTIÆ.

On a refusal by the consignee to receive certain whisky consigned to him, it was the master's duty to store it properly on account of the consignor, and the vessel was liable *in rem* for a failure to perform this duty; but both parties being remiss in their duties, opportunity was given for a legal adjustment of their rights.

In Admiralty.

On the twenty-fourth of November, 1886, the libelants shipped on board the propeller Capt. John, New York, a barrel of whisky, to be transported to New Rochelle, and delivered to Michael Cullen. It was carried to New Rochelle, and first placed temporarily in the warehouse of

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

the line at that place, and the consignee notified of its arrival, who immediately refused to receive it, on the ground that he had not purchased it, and knew nothing about it. The barrel was thereupon again taken on board the propeller. The name of the shipper was not marked upon it, and the captain was unable to ascertain from whom it had come. After some months the libelants, learning that the consignee had refused to receive the barrel, had an interview with the captain. On examination a portion of the liquor was found gone. The captain claimed that the loss had happened through leakage, which the libelants' agents denied. No agreement being arrived at, this suit for the value of the whisky was brought.

*Hyland & Zabriskie*, for libelants.

*Martin J. Keogh*, for respondents.

BROWN, J.   1. The evidence does not establish any sale of the whisky to the consignee. The libelants are, therefore, the proper parties to bring this suit for damages.

2. Upon the refusal of the consignee to receive the goods, it was the duty of the propeller, as a common carrier, to store the barrel properly on account of the consignor, until he could be found. This duty is a maritime one, and for any neglect or imperfect performance of it the vessel is liable *in rem* for damages. *Richardson* v. *Goddard*, 23 How. 39; *The Surrey*, 26 Fed. Rep. 791, 794.

3. The whisky was not, in this case, properly stored. The between-decks of the propeller, where it lay for a long time, more or less subject to access, was not a suitable place. The libelants' agent testifies that the bung was loose when he examined it, and I am not satisfied that the loss was from leakage only; and, not having been stored in a proper place, the vessel is liable for the loss.

4. In the interviews between the libelants' agent and the captain, no agreement was arrived at, through the improper claims of each,—from the denial of responsibility by the master on the one hand, and no offer to pay freight on the other. I cannot find, upon the evidence, that the libelants have established a case of *conversion* of the whole barrel, or any refusal to deliver the barrel, on payment of freight; for no freight has ever been offered, and the proof does not show how much of the whisky still remains. To enable both parties to comply with their legal duties, I shall direct that, upon delivery by the propeller of the barrel at any proper place in New York, on account of the libelants, and notice thereof to them, within 10 days, and payment for the whisky missing when the barrel shall be delivered, less the freight charges of the propeller,—one for carrying and one for returning,—with the disbursements of this action, the respondent will be discharged; otherwise payment for the value of the whole barrel will be ordered, with costs.